**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| MARIA KUZINA,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN MANAGEMENT LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 26-CV-1966<br><br>**JURY TRIAL REQUESTED** |

---

**COMPLAINT**

---

Plaintiff, Maria Kuzina ("Plaintiff" or "Kuzina"), by her attorneys, Stanford Law Offices, S.C., alleges to the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. The Eastern District of Wisconsin is the proper venue for this action because Kuzina's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b), and Defendant Northern Management LLC ("Defendant") has substantial and systematic contacts in this District.

**PARTIES AND COVERAGE**

3. Kuzina realleges and incorporates herein by reference the allegations of the preceding paragraphs.

4. Kuzina is an adult resident of the State of Wisconsin, who was employed by Defendant as a Regional Property Manager from on or about October 28, 2024 through on or about July 3, 2025.

5. Defendant is an entity registered and authorized to do business in the State of Wisconsin, with its principal place of business in Wisconsin.

6. At all times set forth herein, Defendant acted by and through its agents, servants and employees.

7. During Kuzina's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Kuzina's worksite.

8. During Kuzina's employment with Defendant, Defendant was a covered employer for purposes of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

9. At the time of Kuzina's request for information about FMLA leave, as pleaded herein, Kuzina had been employed by Defendant for less than 12 months. However, she requested information about maternity leave to begin upon the birth of her child, to take place at a time when she would have been so eligible on this basis. The FMLA protects a pre-eligibility request, like Kuzina's, for post-eligibility leave. *See, e.g.*, *Jones v. Metro. Water Reclamation Dist. of Greater Chi.*, No. 17-CV-5879, 2018 U.S. Dist. LEXIS 50244, *8–*11 (N.D. Ill. Mar. 27, 2018) (collecting cases); *Nickel v. City of Milwaukee*, No. 17-CV-0177, 2017 U.S. Dist. LEXIS 236522, *7 (E.D. Wis. Apr. 7, 2017) (collecting cases). Upon information and belief, at the time of Kuzina's request for information about FMLA leave, as pleaded herein, Kuzina had worked at least 1,250 hours for Defendant. To the extent she had not, she requested information about maternity leave to begin upon the birth of her child, to take place at a time when she would have been so eligible on this

basis. Specifically, as pleaded herein, Defendant knew that Kuzina learned of her pregnancy in June of 2025; thus, her request for information about maternity leave in June 2025 placed Defendant on notice that Kuzina would request and need maternity leave under the FMLA in or around February or March of 2026. *See* cases cited in *Jones*, 2018 U.S. Dist. LEXIS 50244, at *11.

10. At the time of Kuzina's FMLA leave requests, as pleaded herein, Kuzina had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

11. Kuzina has satisfied all administrative remedies and all conditions precedent to bringing this action.

## FACTS

12. Kuzina realleges and incorporates herein by reference the allegations of the preceding paragraphs.

13. In mid-June 2025, Kuzina learned she was pregnant and informed one of Defendant's owners, Allen Hornik ("Hornik"), of her pregnancy on or about June 16, 2025.

14. Defendant further learned immediately of Kuzina's pregnancy in mid-June 2025 because her first trimester was difficult, and she often felt sick at work. In fact, other employees and members of upper management noticed that Kuzina did not look well, leading her to disclose her pregnancy broadly at Defendant's workplace in mid-June 2025.

15. Upon learning of Kuzina's pregnancy, Hornik rolled his eyes, groaned, and sighed.

16. At the end of June 2025, Kuzina contacted Defendant's Human Resources Department for information about maternity leave.

17. Defendant's Human Resources Department responded to Kuzina's inquiry and provided FMLA documentation to Kuzina on or about July 1, 2025.

18. Upon information and belief, in 2026, Kuzina's maternity leave would have required, and did require, at least two (2) appointments and continuing treatment visits with, and supervision by, her health care provider(s) and/or treating physician.

19. On July 3, 2025, approximately 7 to 10 days after Kuzina contacted Human Resources asking for information about maternity leave, 2 days after Human Resources sent Kuzina the FMLA documentation she requested, and approximately 2 weeks after Hornik learned of Kuzina's pregnancy, Defendant terminated Kuzina's employment.

## CAUSES OF ACTION

### I. FMLA INTERFERENCE

20. Kuzina reasserts and incorporates all paragraphs set forth above as if restated herein.

21. Kuzina had consistently excelled in her role up to her FMLA leave.

22. Defendant intentionally interfered with Kuzina's rights by, including but not limited to, terminating her days after she asked for and received FMLA paperwork for her maternity leave, in order to prevent, and/or which together prevented, her from enjoying the benefits to which she was entitled, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

23. As a result of Defendant's intentional FMLA violations, Kuzina has suffered damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

### II. FMLA RETALIATION

24. Kuzina realleges and incorporates herein by reference the allegations of the preceding paragraphs.

25. Kuzina had consistently excelled in her role up to her FMLA leave.

26. Upon information and belief, Kuzina was treated less favorably than other similarly situated employees who did not request information about, or otherwise place Defendant on notice of a need to take, FMLA leave.

27. Defendant retaliated against Kuzina by taking adverse employment action against her—terminating her—because she requested information about, and thus placed Defendant on notice of her need to take, FMLA leave, and to prevent her from using prospective FMLA leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.

28. As a result of Defendant's intentional FMLA retaliation, Kuzina has suffered damages in the form of lost wages and other employment benefits and insurance.

**PRAYER FOR RELIEF**

WHEREFORE, Kuzina respectfully requests that this Court:

1. Order Defendant to make Kuzina whole by providing back pay, front pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Kuzina attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Kuzina whatever other relief this Court deems just and equitable.

Dated this the 22nd day of October, 2026.

Respectfully submitted,

STANFORD LAW OFFICES, S.C.

*/s/ Annie T. Stanford*
Annie T. Stanford
State Bar No. 1137501

Peter A. Stanford
State Bar No. 1004936
225 East Fairmount Avenue
Milwaukee, WI 53217
Phone: (414) 276-8269
Fax: (414) 276-2868
ATS@StanfordLawOffices.com
PAS@StanfordLawOffices.com

*Attorneys for Plaintiff*